FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 APR 22 A 11: 44

R. Clerk

S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO.: CR507-19 |
| v. ) | |
| MARK ERIC McDANIEL ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Mark Eric McDaniel ("Defendant") has been charged with: failure to properly record the sale of firearms, in violation of 18 U.S.C. § 922(b)(5); transfer of a firearm to a prohibited person, in violation of 18 U.S.C. § 922(d)(3); aiding and abetting in the making of false statements to purchase firearms, in violation of 18 U.S.C. § 924(a)(1)(A); failure to keep required records by licensee, in violation of 18 U.S.C. § 922(m); and failure to conduct NICS checks, in violation of 18 U.S.C. § 922(t). Defendant is subject to a forfeiture allegation pursuant to 18 U.S.C. § 924(d)(1). Defendant filed a Motion to Dismiss the forfeiture allegation contained in the indictment, and the Government filed a Response. The undersigned conducted a hearing on this Motion on March 27, 2008, at which Agent Lee Hoover with the Bureau of Alcohol, Tobacco, and Firearms ("ATF") provided testimony. For the reasons which follow, Defendant's Motion should be **DENIED**.

## STATEMENT OF FACTS

ATF agents executed a search warrant at McDaniel's Firearms on August 30, 2006, and seized 61 firearms. ATF sent Defendant a notice of forfeiture on September 12, 2006. On January 16, 2007, the Government filed a verified complaint for forfeiture in rem against 44 of the seized firearms asserting that Defendant failed to maintain properly required records for all acquisitions and disposition of firearms and ammunition pursuant to 18 U.S.C. § 923(g)(1)(A); on the same day, a warrant for arrest in rem of these firearms was issued. (Doc. No. 25, p. 3). Defendant filed a claim for forfeiture in rem on February 20, 2007, and an answer on March 12, 2007. On March 8, 2007, an indictment was returned which did not include a forfeiture allegation; this indictment was dismissed. This indictment was returned on November 9, 2007, and includes a forfeiture allegation based on 18 U.S.C. § 924(d)(1).

## ISSUE PRESENTED

Defendant asserts that the forfeiture allegation contained in the indictment should be dismissed because the forfeiture allegation was not filed within 120 days after the firearms were seized.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant contends the search warrant was executed on August 30, 2006, and the original indictment was returned more than 120 days after the firearms were seized. Defendant also contends the original indictment did not contain a forfeiture allegation. Defendant alleges the present indictment was returned on November 9, 2007, which is over 14 months after the firearms were seized and well outside the 120 day time period

set forth by statute. Accordingly, Defendant asserts, the forfeiture provision is untimely and should be dismissed.

The Government contends that the substantive counts contained in the indictment are timely, and accordingly, so is the forfeiture allegation. The Government avers the 120-day time limitation upon which Defendant relies relates to civil forfeitures, not a criminal forfeiture. The Government asserts that Defendant received a notice of forfeiture on September 12, 2006, and ATF published notice of its intent to forfeit the firearms in *The Wall Street Journal* on a weekly basis for four (4) weeks. The Government alleges the initiation of the administrative proceeding satisfied the 120-day rule contained in section 924(d)(1), and it could file a judicial action within the five year statute of limitations period.[1]

The Government has brought a forfeiture allegation against Defendant, and this allegation is brought pursuant to 18 U.S.C. § 924(d)(1). (Indictment, pp. 6-8). Section 924(d)(1) provides, in relevant part, that "[a]ny action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure." The key phrase of this provision is "any action or proceeding", and the meaning of this phrase must be determined.

The first step in interpreting the meaning of a statute is looking at the "language of the statute itself" and determining "whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." Med. Transp. Mgmt. Corp. v. Comm'r of Internal Revenue Serv., 506 F.3d 1364, 1367-68 (11th Cir.

---

[1] The Government also asserts that the civil forfeiture complaint was filed on January 16, 2007, within 120 days of the seizure. However, December 28, 2006, would have been 120 days after the seizure occurred. The undersigned can only presume that the Government means that the civil forfeiture complaint was filed within 120 days after the last day of the ATF's publication on October 17, 2006.

2007). Language in a statute is ambiguous "if it is susceptible to more than one reasonable interpretation." Id. at 1368. The word "any" can mean "one or some indiscriminately of whatever kind: one or another taken at random", "one, some, or all indiscriminately of whatever quantity", or "unmeasured or unlimited in amount, number, or extent."[2]

Many of the courts which have analyzed this provision have noted that the provision could have more than one meaning, and thus, is ambiguous. For example, in United States v. Miscellaneous Firearms, Explosives, Destructive Devices & Ammunition, 376 F.3d 709, 712 (7th Cir. 2004), the Court stated that this provision of § 924(d)(1) could mean either an administrative or judicial proceeding must begin within the 120 day period or that both judicial and administrative actions must begin within this time period. The Middle District of Florida, in contrast, found this provision to be unambiguous and determined that both an administrative proceeding *and* a judicial proceeding must be brought within 120 days after seizure. United States v. Fifty-Two Firearms, 362 F. Supp.2d 1308, 1321 (M.D. Fla. 2005) (citing with approval United States v. Fourteen Various Firearms, 889 F. Supp. 875 (E.D. Va. 1995)).

There is no case law which is controlling on this issue; however, the greater weight of the persuasive authority favors the finding that the "any action or proceeding" language is ambiguous. The decisions rendered in those cases finding the last provision of section 924(d)(1) ambiguous are well reasoned. Additionally, the fact that several courts have defined the word "any" and are split as to whether it is ambiguous or unambiguous speaks to a finding that "any" is ambiguous. As noted by the Seventh

---

[2] www.merriam-webster.com/dictionary/any.

Circuit, this phrase could mean that either one proceeding or all proceedings must begin within 120 days of seizure.

Having found this provision ambiguous, the Court must then look at the entire statute to determine its meaning. See Wachovia Bank, N.A. v. United States, 455 F.3d 1261, 1268 (11th Cir. 2006) (noting that, when a term is ambiguous, the remainder of the statute must be read together). Section 924(d)(1) incorporates provisions of the Internal Revenue Code relating to forfeitures ("all provisions of the Internal Revenue Code . . . relating to the seizure, forfeiture, and disposition of firearms . . . shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter[.]"). Section 7327 of the Internal Revenue Code (Title 26) incorporates a five (5) year statute of limitations period for bringing a judicial forfeiture action in customs cases. See 19 U.S.C. § 1621 (stating, in relevant part, that "[n]o suit or action . . . or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered[.]"). "This provision has significant bearing on the meaning of judicial forfeitures under § 924(d)(1)." Miscellaneous Firearms, 376 F.3d at 713. The Sixth Circuit has found the five-year statute of limitations period "becomes applicable once an administrative action has tolled the 120-day requirement for initiation of . . . a judicial forfeiture proceeding." United States v. Ninety-Three (93) Firearms, 330 F.3d 414, 422 (6th Cir. 2003).

Moreover, it appears that bringing administrative proceedings first is a favored practice, as these proceedings decrease the need for the Government to bring judicial proceedings. See Miscellaneous Firearms, 376 F.3d at 709; see also, United States v.

Sixty Firearms & Various Rounds of Ammunition, 186 F.Supp.2d 538, 545 (M.D. Pa. 2002) (quoting United States v. Twelve Firearms, 16 F.Supp.2d 738, 741 (S.D Tex. 1998), for the proposition that "the purposes of administrative forfeiture proceedings is to provide, if possible, a mechanism for the government and private parties to resolve their forfeiture-related disputes without the need for judicial actions."). "Successive, rather than concurrent, proceedings also spare claimants from the burden of participating in two forums simultaneously." Miscellaneous Firearms, 376 F.3d at 713 (citing United States v. Eight Thousand Eight Hundred Fifty Dollars ($8,850) in U.S. Currency, 461 U.S. 555, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983)).

Finally, if Congress intended for all proceedings—both administrative and judicial-- to commence within 120 days, it could have specified this by using the word "all" in place of "any" in section 924(d)(1). Id. In fact, Congress adopted this approach in passing 21 U.S.C. § 888(c)[3], which pertained to drug-related forfeitures. Sixty Firearms, 186 F.Supp.2d at 544.

The firearms at issue were seized on August 30, 2006, and Defendant received a notice of forfeiture on September 12, 2006. ATF published its notice of intent to forfeit the firearms in *The Wall Street Journal* on a weekly basis beginning on September 21 and ending on October 17, 2006. As ATF began administrative forfeiture proceedings well within the 120 day time period set forth in § 924(d)(1), the next step is to determine whether the Government filed a judicial forfeiture action against Defendant in a timely

---

[3] Section 888(c) of Title 21 has been repealed, but what this statute provided was "[n]ot later than 60 days after a claim and cost bond have been filed under section 1608 of Title 19 regarding a conveyance seized for a drug-related offense, the Attorney General shall file a complaint for forfeiture in the appropriate district court." The undersigned points to this statute as being illustrative of the point that Congress could have used different language in section 924(d)(1) had it wanted to make it clear *all* proceedings must be brought within 120 days of seizure.

fashion. The Government filed a warrant for arrest in rem of the 44 firearms on January 16, 2007. On March 8, 2007, Defendant was indicted, although this indictment was dismissed at a later time. The Government filed the indictment in this case on November 9, 2007, which contains the forfeiture allegation at issue. The Government's indictment in this case was filed within five (5) years of the administrative proceedings. Thus, Defendant's Motion to Dismiss should be denied.[4]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss the Forfeiture Allegation be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of April, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[4] As an aside, it appears that, if all proceedings had to be brought within 120 days of seizure, the purpose of administrative proceedings would be undermined. Further, Congress used the word "or", which denotes prosecuting agencies have a choice in deciding which proceeding to bring within 120 days of the seizure.